UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
ANTHONY ANTICO,

                Plaintiff,

       -against-

UNITED STATES OF AMERICA,

                Defendant.
----------------------------------------------------------X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 15 2013 ★
BROOKLYN OFFICE

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
13-cv-02730 (CBA)

**AMON, Chief United States District Judge.**

    By pro se papers dated April 24, 2013, Anthony Antico moves the Court to resentence him pursuant to Fed. R. Civ. P. 60(b). The Court sentenced Antico to 108 months' imprisonment in November 2010, following a jury trial at which he was found guilty of one count of participating in a racketeering enterprise and one count of illegal gambling. The Second Circuit affirmed imposition of the sentence as procedurally and substantively reasonable. See United States v. Pica, 692 F.3d 79, 89 (2d Cir. 2012) cert. denied, 133 S. Ct. 1582 (2013).

    Antico states that a month after he was sentenced, he was diagnosed with cancer. He argues that his medical condition warrants a decrease in his sentence pursuant to § 5H1.4 of the United States Sentencing Guidelines. Although Antico does not argue that the sentence the Court imposed was improper or contrary to law, he contends that he should be resentenced because neither he nor the Court were aware that he had cancer at the time of his sentencing.

    Antico has not stated the grounds on which he would eligible for a sentence reduction pursuant to statute or Rule 35 or 36 of the Federal Rules of Criminal Procedure. This Court therefore has no legal authority to modify his term of imprisonment. See, e.g., United States v. Spallone, 399 F.3d 415, 421 (2d Cir. 2005). To the extent Antico is seeking a sentence reduction

based on 18 U.S.C. § 3582(c)(1)(A)(i), such a reduction based on his medical condition "is limited to circumstances where the Director of the Bureau of Prisons has moved to reduce the term of a defendant's sentence." Harrison v. Terrell, 12 CIV. 6855, 2013 WL 1290653, at *3 (S.D.N.Y. Mar. 29, 2013). Unless and until the Bureau of Prisons moves to reduce the terms of Antico's sentence, the Court may not modify the terms of his imprisonment. See United States v. DeFeo, 90 CR. 250, 2008 WL 2557425, at *3 (S.D.N.Y. June 26, 2008) aff'd, 327 F. App'x 257 (2d Cir. 2009). Accordingly, Antico's motion to resentence is denied. The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: October 15, 2013
 Brooklyn, N.Y.

                                     s/Carol Bagley Amon
                                     Carol Bagley Amon
                                     Chief United States District Judge